COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-108-CR
 
  
ANNE 
I. LI                                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY
 
------------
 
OPINION
 
-----------
 
        A 
jury convicted Appellant Anne I. Li of assault with bodily injury, and the trial 
court sentenced her to 120 days in jail, probated for one year, plus a $500 
fine.  In one point, Appellant complains of the following jury 
instruction:  “It is not required that the prosecution prove guilt beyond 
all possible doubt; it is required that the prosecution’s proof excludes all 
reasonable doubt concerning the defendant’s guilt.”  Appellant argues 
that this instruction is erroneous because it amounts to an improper definition 
of beyond a reasonable doubt.
        The 
complained of instruction is part of the Geesa definition of beyond a 
reasonable doubt.[1]  As Appellant points 
out, the Texas Court of Criminal Appeals held in Paulson v. State that 
giving the full Geesa instruction is reversible error absent agreement of 
the parties.[2]  Appellant here did not agree to 
the instruction.
        While 
it seems fundamentally unfair that all portions of the definition of beyond a 
reasonable doubt that benefit a defendant have been removed from the 
definition, leaving only the portion that benefits the State, and while it seems 
clear that if the definition is improper in whole it should also be improper 
when only that portion which benefits one party and not the other is retained, 
both this court and the Texas Court of Criminal Appeals have ruled otherwise, 
holding that the instruction in question is not improper.[3]
        We 
are constrained therefore to hold that the trial court did not err in including 
the complained of portion of the Geesa instruction in the jury 
charge.  We overrule Appellant’s sole point and affirm the trial 
court’s judgment.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE

 
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
WALKER, 
J. concurs without opinion.
 
MCCOY, 
J. concurs without opinion.
 
PUBLISH
 
DELIVERED: 
March 24, 2005


NOTES
1.  
See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).
2.  
28 S.W.3d 570, 573 (Tex. Crim. App. 2000).
3.  
See Woods v. State, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004); e.g., 
Pope v. State, No. 2-03-195-CR, 2004 WL 2985071, at *8 (Tex. App.—Fort 
Worth Dec. 23, 2004, no pet. h.).